# Commonwealth of Massachusetts

SUFFOLK, ss.

SUPERIOR COURT DEPARTMENT
OF THE TRIAL COURT
CIVIL ACTION

No. 11-4660C

Matthew Kim , Plaintiff(s)

v.

Boston University , Defendant(s)

## SUMMONS

To the above-named Defendant:

You are hereby summoned and required to serve upon W. Chris Kneeshaw plaintiff's attorney, whose address is 11 Beacon St, #325, Boston, MA 02108 , an answer to the complaint which is herewith served upon you, within 20 days after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint. You are also required to file your answer to the complaint in the office of the Clerk of this court at Boston either before service upon plaintiff's attorney or within a reasonable time thereafter.

Unless otherwise provided by Rule 13(a), your answer must state as a counterclaim any claim which you may have against the plaintiff which arises out of the transaction or occurrence that is the subject matter of the plaintiff's claim or you will thereafter be barred from making such claim in any other action.

Witness, Barbara J. Rouse, Esquire, at Boston, the 8th day of March , in the year of our Lord two thousand 2012 .

*Michael Joseph Donovan*
Clerk/Magistrate

A true copy Attest:
3-9-12  Deputy Sheriff *Edward J. Doherty*

NOTICE TO DEFENDANT — You need not appear personally in court to answer the complaint, but if you claim to have a defense, either you or your attorney must serve a copy of your written answer within 20 days as specified herein and also file the original in the Clerk's Office.

NOTES.
1. This summons is issued pursuant to Rule 4 of the Massachusetts Rules of Civil Procedure.
2. When more than one defendant is involved, the names of all defendants should appear in the caption. If a separate summons is used for each defendant, each should be addressed to the particular defendant.
3. TO PLAINTIFF'S ATTORNEY: PLEASE CIRCLE TYPE OF ACTION INVOLVED
   (1) TORT — (2) MOTOR VEHICLE TORT — (3) CONTRACT — (4) EQUITABLE RELIEF — (5) OTHER

FORM CIV.P. 1 3rd Rev. 10M - 11/10

## PROOF OF SERVICE OF PROCESS

I hereby certify and return that on _____, 200___, I served a copy of the within summons, together with a copy of the complaint in this action, upon the within-named defendant, in the following manner (See Mass. R. Civ. P. 4 (d) (1-5)):

_____
_____
_____

Dated: _____, 200___.        _____

**N.B.  TO PROCESS SERVER:—**
PLEASE PLACE DATE YOU MAKE SERVICE ON DEFENDANT IN
THIS BOX ON THE ORIGINAL AND ON COPY SERVED ON DEFENDANT.

```
┌──────────────────────────────┐
│                     , 200  . │
└──────────────────────────────┘
```

**Commonwealth of Massachusetts**

SUFFOLK, ss.

SUPERIOR COURT DEPARTMENT
OF THE TRIAL COURT
CIVIL ACTION
No. _____

_____, Plff(s).

v.

_____, Deft(s).

SUMMONS
(Mass. R. Civ. P. 4)

(AFFIX FILING STAMP HERE)

| CIVIL ACTION COVER SHEET | TRIAL COURT OF MASSACHUSETTS SUPERIOR COURT DEPARTMENT COUNTY OF SUFFOLK | DOCKET NO. 11-4660 C |
|---|---|---|
| PLAINTIFF(S) MATTHEW KIM | | DEFENDANT(S) BOSTON UNIVERSITY |

Type Plaintiff's Attorney name, Address, City/State/Zip Phone Number and BBO#   |   Type Defendant's Attorney Name, Address, City/State/Zip Phone Number (If Known)

W. Chris Kneeshaw (BBO #671078)
Lovenberg & Associates, P.C.
11 Beacon Street, Suite 325
Boston, MA 02108
(617) 973-9950

RECEIVED
DEC 21 2011
SUPERIOR COURT - CIVIL
MICHAEL JOSEPH DONOVAN
MAGISTRATE

TYPE OF ACTION AND TRACK DESIGNATION (See reverse side)

CODE NO.    TYPE OF ACTION (specify)    TRACK    IS THIS A JURY CASE?

D01 Specific Performance of Contract - Average Track        [ ] Yes  [✓] No

The following is a full, itemized and detailed statement of the facts on which plaintiff relies to determine money damages. For this form, disregard double or treble damage claims; indicate single damages only.

TORT CLAIMS
(Attach additional sheets as necessary)

A. Documented medical expenses to date:
  1. Total hospital expenses                                    $
  2. Total doctor expenses                                      $
  3. Total chiropractic expenses                                $
  4. Total physical therapy expenses                            $
  5. Total other expenses (describe)                            $
                                                      Subtotal  $
B. Documented lost wages and compensation to date              $
C. Documented property damages to date                         $
D. Reasonably anticipated future medical expenses              $
E. Reasonably anticipated lost wages and compensation to date  $
F. Other documented items of damages (describe)                $
G. Brief description of plaintiff's injury, including nature and extent of injury (describe)

                                                      Total $ 500,000.00

CONTRACT CLAIMS
(Attach additional sheets as necessary)
Provide a detailed description of claim(s):

Please See Attached Addendum                                  TOTAL  $..............

PLEASE IDENTIFY, BY CASE NUMBER, NAME AND COUNTY, ANY RELATED ACTION PENDING IN THE SUPERIOR COURT DEPARTMENT

"I hereby certify that I have complied with the requirements of Rule 5 of the Supreme Judicial Court Uniform Rules on Dispute Resolution (SJC Rule 1:18) requiring that I provide my clients with information about court-connected dispute resolution services and discuss with them the advantages and disadvantages of the various methods."

Signature of Attorney of Record _____   Date: Dec 21, 2011
A.O.S.C. 3-2007

## CIVIL ACTION COVER SHEET ADDENDUM

## CONTRACT CLAIMS

**Provide a detailed description of claim(s):**

This civil action is brought for damages Plaintiff suffered and continues to suffer as a result of Defendants' breach of contract, violations of M.G.L. c. 93 § 103 and violations of 42 U.S.C. § 1983 during the contractual relationship between the parties during which Plaintiff attended the DMD program at Boston University. As a result of Defendant, Boston University's conduct, Plaintiff incurred actual damages and monetary loss in tuition and costs of living while attending school, as well as other consequential and incidental damages, including counsel fees and legal cost that proof at trial will reveal.

COMMONWEALTH OF MASSACHUSETTS
THE TRIAL COURT

SUFFOLK, ss                                             SUPERIOR COURT DEPARTMENT
                                                        Docket No.: 11-4660 C

MATTHEW KIM,                    )
        Plaintiff,              )
                                )
                                )       COMPLAINT AND
        v.                      )       DEMAND FOR JURY TRIAL
                                )
                                )       RECEIVED
BOSTON UNIVERSITY               )       DEC 21 2011
        Defendants.             )       SUPERIOR COURT CIVIL
                                )       MICHAEL JOSEPH DONOVAN
                                        CLERK / MAGISTRATE

## THE PARTIES

1. Plaintiff, Matthew Kim, is an individual who resides at 1501 20th Street, San Francisco, California.

2. Defendant, Boston University, is a private university with a place of business at 1 Silber Way, Boston, Suffolk County, Massachusetts.

## FACTS

3. In or around July, 2005, Mr. Kim enrolled in the Doctor of Dental Medicine (DMD) program at Boston University Henry M. Goldman School of Dental Medicine.

4. At the time of enrollment Mr. Kim suffered, and continues to suffer, from diagnosed depression and attention deficit disorder.

5. Mr. Kim gave notice to BU of his medical conditions during his enrollment and attendance of the DMD program.

6. Mr. Kim also requested reasonable accommodation from Boston University to participate in the DMD program.

7. Boston University acknowledged said disabilities and received Mr. Kim's request for accommodation.

8. In the Fall of 2006, Boston University suspended Mr. Kim without a hearing or process as prescribed by University policies and procedures, and no final determination or decision was ever issued by Boston University regarding said suspension.

9. Mr. Kim took a leave of absence for the Spring, 2007 semester and returned to Boston University in the Fall, 2007.

10. During this time, Boston University also prohibited Mr. Kim from returning to the DMD program without first undergoing an evaluation by a mental health professional chosen by Boston University. Upon said evaluation, Boston University allowed Mr. Kim to return to the DMD program.

11. For the next two and one half academic years, Mr. Kim enrolled in and completed coursework towards fulfillment of the required curriculum in the DMD program.

12. In January, 2009, Boston University issued written notice of a change in the curriculum which replaced several courses in progress with a course titled Comprehensive Clinical Dentistry GD630.

13. GD630 is/was a 15 credit course in which "60% of the grade is based upon quantity of care provided" in procedures performed by students who are assigned specific point values for said procedures and in which the final grade is based upon the accumulation of points.

14. This change in curriculum by Boston University constitutes a violation of the School's Bylaws and the ADA's accreditation policy as provided in the student handbook presented to students.

15. Boston University did not provide Mr. Kim an equal opportunity to successfully complete the course as Boston University did not assign Mr. Kim an adequate number of patients similar to that assigned to other students. As such, Mr. Kim was denied an equal opportunity to accumulate the "points" used in calculating a final grade in the GD630 course described in Paragraph 12.

16. For the first two months of the 2009 academic year in which Mr. Kim participated in GD630, Boston University assigned zero (0) patients to Mr. Kim's care. During that same time period, other students in the course were assigned approximately ten (10) to fifteen (15) patients. The patient distribution to Mr. Kim throughout the academic year remained substantially less than that of other students.

17. The Course is a "clinical experience" in which the grading is directly related to the quantity of treatment provided. As a direct result of Boston University limiting the number of patients assigned to Mr. Kim, Mr. Kim was never given an adequate and equal opportunity to successfully complete the course in time, which resulted in a failing grade.

18. Boston University advised Mr. Kim that based upon this failing grade, he would be unable to advance into his fourth and final year of the DMD program. Boston University also instructed Mr. Kim that he must remediate the GD630 course.

19. Boston University gave Mr. Kim 12 weeks to remediate the clinical course, during which 3 of the 12 weeks Mr. Kim was on the scheduled rotations period, which Boston University had full knowledge of, and Mr. Kim was therefore only given 9 weeks to complete the clinical coursework.

20. Boston University has a common practice of giving students additional time in excess of the 12 week period with which to complete their clinical coursework.

21. Mr. Kim was dismissed from the DMD program by Boston University in January, 2009, via a notice of dismissal in which Boston University stated that the dismissal was based upon Mr. Kim's failure to remediate within the 12 week period.

22. The published policies of Boston University's DMD Academic Policies specifically state that for those students not eligible for promotion, the committee will determine further action as follows:

    (a) Suspension and dismissal from BUSDM;
    (b) Maintain probationary status and the requirement to repeat the academic year, not being allowed to participate in any fourth year activities;
    (c) Requirement to repeat and pass individual courses in their entirety, and continue to participate in most or all fourth year activities;
    (d) Allow the student to remediate clinical course(s) before October 1. If the student is successful, the grade will be remediated to a C- and so noted on the transcript. If the student fails to remediate clinical course(s) by October 1st, the course will need to be repeated and the student must remain on probation. The transcript will note that the course required repeating. A new final grade must be submitted at the end of the academic year.

23. When the Promotions Committee instructed Mr. Kim to remediate his clinical course within three (3) months under subsection (d), Boston University was bound to adhere to the subsequent language contained within the subsection regarding remediation of the course(s) and/or repetition of the course(s) as described in subsection (d).

24. In addition to this language, Mr. Kim's dismissal is contrary to the common practice of Boston University to allow students additional time beyond 12 weeks with which to remediate clinical coursework.

25. Boston University violated its policies and practices by wrongfully dismissing Mr. Kim in violation of the above referenced DMD Academic Policies, as well as the common practice utilized by Boston University in enforcing its policies.

26. Boston University failed to allow Mr. Kim equal opportunity and access to attend and participate in the DMD program.

27. Throughout the above described period, Mr. Kim provided monies to Boston University, which Boston University accepted. In fact, Boston University

received and accepted monies as tuition for the 2009 spring semester just days before dismissing Mr. Kim from the DMD program for said spring semester.

## COUNT ONE
## BREACH OF CONTRACT

28. Plaintiff re-alleges and repeats the allegations in Paragraphs 1 through 27 inclusive, as if fully set forth herein.

29. The relationship between a university and a student is contractual in nature.

30. Boston University's statements made in university handbooks or policy manuals, as well as the common practices in enforcing said policies and procedures formed the basis of a valid contract.

31. Mr. Kim reasonably relied on Boston University's representations in forming the basis for his decision to enroll and provide due consideration to Boston University in the form of tuition payments and performance of coursework.

32. Boston University's failure to act in accordance with said representations and written policies constitute a breach of contract.

33. As a result of the Boston University's breach of contract, Mr. Kim suffered damages, including actual damages, monetary loss, and other consequential and incidental damages which proof at the time of trial will reveal.

## COUNT TWO
## VIOLATION OF MASSACHUSETTS EQUAL
## RIGHTS ACT, M.G.L. CHAPTER 93, SECTION 103

34. Plaintiff re-alleges and repeats the allegations in Paragraphs 1 through 36 inclusive, as if fully set forth herein.

35. Under the Massachusetts Equal Rights Act, codified as Massachusetts General Law c. 93, §103, "any person within the Commonwealth, regardless of handicap… shall, with reasonable accommodation have the same rights as other persons… including, but not limited to, the rights secured under [Article 114] of the Amendments to the Constitution."

36. Article 114, applicable to all public and private entities in the Commonwealth, states that, "no otherwise qualified handicapped individual shall, solely by reason of his handicap, be excluded from the participation in, denied the benefits of, or be subject to discrimination under any program or activity within the Commonwealth."

37. By acting and/or failing to act as described above, Boston University discriminated against Mr. Kim and deprived him of equal opportunity under the law, as well as the policies and procedures of Boston University.

38. By acting and/or failing to act as described above, Boston University failed to provide Mr. Kim reasonable accommodation as required by law.

39. As a result of Boston University's breaches, Mr. Kim suffered damages for which Mr. Kim is entitled to equitable relief and compensatory and exemplary damages, as well as reasonable legal counsel fees and costs.

## COUNT THREE
## 42 U.S.C. SEC 1983

40. Mr. Kim re-alleges and repeats the allegations in Paragraphs 1 through 39 inclusive, as if fully set forth herein.

41. The acts and/ or failures to act by Boston University deprived Mr. Kim of procedure protected by the Due Process Clause of the Fourteenth Amendment. These violations included, but were not limited to, the following:

   a) Boston University deprived Mr. Kim of his property interest in the continued and uninterrupted enrollment within the program. Such an interest is subject to procedural due process protection and Boston University failed to provide said due process prior to suspending Mr. Kim as previously described;

   b) Boston University also deprived Mr. Kim of his property interest in failing to provide due process prior to dismissing Mr. Kim as described above;

   c) Boston University's decision to dismiss Mr. Kim further violated Rule 2-2 of the American Dental Association's Accreditation Standards for Dental Education Programs, which states, "if students do not meet the didactic, behavioral and/or clinical criteria as published and distributed, individual evaluations must be performed that lead to an appropriate decision in accordance with institutional due process policies."

42. Boston University deprived Mr. Kim of his property interest in continued enrollment within the DMD program, which resulted in injury and damages to Mr. Kim.

43. Mr. Kim seeks recovery of damages incurred, including reasonable attorney's fees, pursuant to 42. U.S.C. Sec 1983 for the injuries set forth above against Boston University in violation of his constitutional rights.

## COUNT FOUR
## PROMISSORY ESTOPPEL

44. Mr. Kim re-alleges and repeats the allegations in Paragraphs 1 through 43 inclusive, as if fully set forth herein.

45. Defendants issued representations and assurances to Mr. Kim regarding Boston University and the DMD program.

46. In reasonable reliance of said representations and assurances by Boston University, enrolled in the DMD program to his detriment.

47. As a result of Boston University's representations and assurances, Mr. Kim suffered damages, including actual damages and monetary loss, as well as other consequential and incidental damages for which justices requires recovery of and the enforcement of said representations and assurances.

## COUNT FIVE
## FRAUD, DECEIPT, MISREPRESENTATION

48. Mr. Kim re-alleges and repeats the allegations in Paragraphs 1 through 47 inclusive, as if fully set forth herein.

49. Boston University knowingly presented material misrepresentations and assurances to Mr. Kim as inducement of conduct by Mr. Kim, specifically, inducement of money from Mr. Kim. Said misrepresentations include, but are not limited to:

   a) Assurances and misrepresentations by Boston University that it would adhere and perform as described in the student handbook and policies and procedures presented to Mr. Kim.

   b) Assurances and misrepresentations by Boston University that Mr. Kim would receive equal opportunity and access to participate in the courses and curriculum of the DMD program.

   c) Assurances and misrepresentations by Boston University that Mr. Kim would receive equal opportunity and access to procedures and review processes as described in the student handbook and policies and procedures presented to Mr. Kim.

50. At the time(s) Boston University presented said material misrepresentations and assurances, Boston University knew the statements were false and/or willfully disregarded the statement's truth or falsity.

51. Boston University made said material misrepresentations and assurances to Mr. Kim with the intent that Mr. Kim would rely on said statements in deciding to enroll in the DMD program and in providing tuition monies to Boston University.

52. Mr. Kim reasonably relied on said material misrepresentations and assurances.

53. As a result, Mr. Kim suffered damages, including actual damages, monetary loss, and other consequential and incidental damages which proof at the time of trial will reveal.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays that judgment be entered against Defendant for the following legal and equitable relief:

a) Recovery of all damages, interest, and reasonable attorney's fees and costs, which at the time of trial will reveal;

b) Boston University is ordered to readmit and enroll Mr. Kim as a student in the DMD program at the same level and standing at the time of dismissal, minus the grade for the GD630 course as previously issued; and

c) Such other and further relief as this court deems necessary and proper.

**PLAINTIFF DEMANDS A TRIAL BY JURY ON ALL ISSUES SO TRIABLE.**

December 21, 2011

Respectfully submitted by,
MATTHEW KIM
Through his Attorney,

W. Chris Kneeshaw
Lovenberg & Associates, P.C.
11 Beacon Street, Suite 625
Boston, MA 02108
Telephone: (617) 973-9950
wckneeshaw@lovenberglaw.com